CRAWLEY, Judge,
dissenting.
I conclude that the trial court correctly entered summary judgment for the defendants on the regular fraud and promissory fraud claims. The elements of fraud are:
“(1) that the defendant made a false representation of a material fact; (2) that the false representation was relied upon by the plaintiff; (3) that the plaintiff was damaged as a proximate result of the reliance...."
Howard v. Wolff Broadcasting Corp., 611 So.2d 307, 311 (Ala.1992). The elements of promissory fraud are the three elements above plus:
“(4) that the representation was made with a present intent to deceive; and (5) that when the representation was made the defendant intended not to perform in accordance with it.”
Id. (emphasis in original).
The plaintiffs argue that the defendants made a false representation by telling them that they would lease an adjacent lot, which the plaintiffs needed for parking for the building. The plaintiffs admit that before the lease was executed that they had knowledge that the defendants were not leasing the adjacent lot. A fraud claim cannot be supported by a misrepresentation of which the plaintiffs have knowledge. Mid-State Homes, Inc. v. Holt, 52 Ala.App. 415, 293 So.2d 476 (1974). Therefore, I conclude that the regular fraud claim fails as a matter of law.
In support of the promissory fraud claim, the plaintiffs argue that at the time the lease was executed, the defendants intended to not lease the adjacent lot; however, the plaintiffs have failed to present evidence of the defendants’ present intent to deceive them. Therefore, I conclude that the promissory fraud claim fails as well.
The plaintiffs also presented no evidence that they suffered damage as a result of the representations made by the defendants. The damage the plaintiffs have incurred in entering this lease agreement was caused by their own inadvertence. The plaintiffs did not verify the Gadsden zoning ordinances before entering the lease. Any representations made by the defendants would not alter the fact that the plaintiffs did not satisfy the applicable zoning laws. Therefore, I must respectfully dissent.